IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS CLARK, Jr.,

    *Plaintiff,*

    v.

WEXFORD HEALTHCARE SERVICES, et al.,

    *Defendants*.

Case Number:  3:16-cv-00177-SMY-PMF

## ORDER

Before the Court is Plaintiff Dennis Clark Jr.'s Motion for Leave to File an Amended Complaint (Doc. 17).  Plaintiff is an inmate with the Illinois Department of Corrections at Lawrence Correctional Center ("Lawrence").  He filed this action on February 18, 2016 alleging that, in late September 2015, he suffered a medical emergency (necessitating a visit to an outside hospital) because the potassium level in his blood was too low (Doc. 1). Plaintiff asserts that his Eighth Amendment rights were violated when Defendants failed to adequately provide medical treatment for this condition.

On March 21, 2016, Plaintiff's Complaint was screened pursuant to 28 U.S.C. § 1915A (Doc. 8).  The Court held that Plaintiff stated a colorable Eighth Amendment claim against Correctional Officer J.J. Walker.  Stephen Duncan, the warden at Lawrence, was also added as a defendant in his official capacity for the purposes of injunctive relief and to identify possible John Doe defendants. Numerous other defendants were dismissed from the case at screening. Plaintiff now seeks leave to file an amended complaint that maintains the Eighth Amendment claims against C/O Walker and Duncan and adds claims against Health Care Unit Administrator

Phil Martin, C/O Z. Buchanan, Wexford Health Care Services, Inc., Tammy L. Powell, Kevin Blivens, IDOC Director John Baldwin, Dr. John Coe, Savannah M. Hopwood, Jeanie L. Stephens, Rhonda J. Waggoner and Ms. Cunningham.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that courts "should freely give leave [to amend] when justice so requires." Leave to amend should generally be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). With these standards in mind, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**. The Amended Complaint shall now be screened pursuant to 28 U.S.C. § 1915A.

At about 12:48 AM on Monday September 28, 2015, Plaintiff was awaken by sharp aches and pains throughout his body. He suspected that his potassium level was low because he had experienced the same condition in the past. In the cell, Plaintiff was on the top bunk and an inmate named Corey Lee was asleep in the bottom bunk. Lee woke up and helped Plaintiff climb down from the top bunk. At that point, Plaintiff began vomiting and Lee pressed the cell's emergency button. No one responded to the emergency button, so Lee and other inmates in the wing started yelling out for assistance.

Approximately 45 minutes after the button was first pressed, C/O Buchanan arrived at Plaintiff's cell. Lee told Buchanan that Plaintiff's health was failing and that he needed medical help. C/O Buchanan left the cell and returned at about 1:26 AM with Nurse Tammy Powell and several other correctional officers. Powell directed C/O Buchanan to place Plaintiff in a wheelchair to be taken to the Lawrence Health Care Unit ("HCU").

At the HCU, Plaintiff asked Powell to send him to an outside hospital. Powell suspected that Plaintiff was malingering or exaggerating his symptoms and told him to "stop bullshitting." Powell then placed a phone call to HCU physician Dr. Coe for guidance on how she should proceed. After speaking to Dr. Coe, Powell told Plaintiff that he was not going to the hospital and that he would be kept in the HCU until Dr. Coe arrived in the morning. Plaintiff again told Powell that he was experiencing difficulty breathing and that he was in pain. He reiterated his request to be taken to an outside hospital. Powell told him "no."

Due to a lack of available space in the HCU, Plaintiff was transported back to his cell by Sgt. JJ Walker. When Plaintiff arrived back at his cell, Lee allowed him to have the bottom bunk. Plaintiff continued to vomit through the night. Sometime around 3:30 AM, Plaintiff asked C/O Buchanan to be taken back to the HCU. Plaintiff was transported back to the HCU at which time Powell again accused Plaintiff of malingering. Plaintiff told Powell that his condition was getting worse, so Powell called Dr. Coe a second time. After speaking to Dr. Coe, Powell moved Plaintiff to different chair in the HCU. Plaintiff sat and vomited on himself through the early morning hours as HCU nurses Savannah Hopwood, Jeanie Stephens, Rhonda Waggoner and Kevin Blivens did nothing. Plaintiff also asked C/O J.J. Walker for assistance but he declined to help.

Dr. Coe arrived at the HCU at approximately 8:00 AM and examined Plaintiff about half an hour later. Plaintiff told Dr. Coe that he needed to be taken to the hospital and that he was ill because of a potassium deficiency. Dr. Coe then took a blood sample and directed that Plaintiff be given a bed in the HCU. About two hours later, the blood test results came back and showed that Plaintiff's potassium was dangerously low at a level of "1.1". HCU staff called an ambulance and paramedics arrived about 15 minutes later.

The paramedics transported Plaintiff to the Lawrence County Hospital. Plaintiff was placed on a catheter and received IVs in both arms. Plaintiff was kept in the hospital for two and a half days as his potassium level was brought back to normal. He was then transported back to Lawrence Correctional Center. However, Plaintiff's difficulties continued. Plaintiff had to wait three days before he was able to receive his prescribed medication. Moreover, he never received any additional blood tests, despite being ordered to receive them by the hospital physicians.

Upon review of the Amended Complaint, the Court finds that Plaintiff states colorable Eighth Amendment deliberate indifference to serious medical need claims against Tammy Powell and Dr. Coe. However Plaintiff's claim against C/O Z. Buchanan shall be dismissed. On both occasions when C/O Buchanan arrived at Plaintiff's cell, he took Plaintiff to the HCU for treatment. The Seventh Circuit has repeatedly held that "the law encourages non-medical security and administrative personnel at jails and prisons to defer to the professional medical judgments of the physicians and nurses treating the prisoners in their care without fear of liability for doing so." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Although there was an initial delay in responding to the emergency button, C/O Buchanan's actions do not amount to deliberate indifference under these circumstances.

Plaintiff's claims against the other nurses (Blivens, Hopwood, Stephens and Waggoner) also fail. Plaintiff's Amended Complaint indicates that Powell and Dr. Coe undertook most, if not all of Plaintiff's treatment. Plaintiff also states that Powell told Blivens that he (Plaintiff) was already receiving treatment. Aside from the fact that Plaintiff was vomiting and appeared to be in pain, there is nothing in the Amended Complaint to indicate that Blivens, Hopwood, Stephens or Waggoner appreciated the gravity of Plaintiff's condition. An Eighth Amendment claim requires a "sufficiently culpable state of mind," *Farmer v. Brennan*, 511 U.S. 825, 834,

114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994), that these individuals lacked. Accordingly, Plaintiff's claims against these four defendants shall be dismissed.

Additionally, Plaintiff's claims against Health Care Unit Administrator Phil Martin, Wexford Health Care Services, Inc., IDOC Director John Baldwin and Lawrence Nursing Director Ms. Cunningham must be dismissed. None of these individuals are mentioned in the body of Plaintiff's Amended Complaint. Moreover, for constitutional tort claims under § 1983, "there must be individual participation and involvement by a defendant, and the concept of respondeat superior cannot be the basis of a claim [.]" *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994). These claims therefore fail.

In sum, Plaintiff's motion for leave to file an amended complaint is granted. Plaintiff shall proceed on a single count for Eighth Amendment deliberate indifference against Defendants Sgt. J.J. Walker, Nurse Powell and Dr. Coe. Warden Duncan is also included as a defendant in his official capacity. The Clerk of Court is **DIRECTED** to file Plaintiff's Amended Complaint and to provide the necessary waiver of service of process forms to defendants Powell and Coe.

**IT IS SO ORDERED.**

**DATE:  August 16, 2016**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**DISTRICT JUDGE**
