IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS CLARK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-CV-177-SMY-RJD |
| WEXFORD, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Now pending before the Court is the Plaintiff's Motion Pursuant to Rule 56(d) filed on December 15, 2017 (Doc. 74). The Motion is **DENIED**.

Defendants John Coe and Tammy Powell filed a Motion for Summary Judgment on October 13, 2017 (Doc. 60) arguing that they are entitled to judgment on Plaintiff's claims of deliberate indifference set forth in the amended complaint. After receiving two extensions to file a response to Defendants' motion for summary judgment, Plaintiff filed the pending motion. Plaintiff indicates that he cannot respond to the motion for summary judgment because two additional discovery items are necessary: depositions of Plaintiff's treating physicians at Carle Foundation Hospital and retention of an expert to review medical records.

Pursuant to the Amended Scheduling Order, discovery was due by September 15, 2017 and dispositive motions were due by October 13, 2017 (Doc. 55). On September 15, 2017, with the consent of Defendants, Plaintiff filed a Motion to extend the discovery deadline for the express purpose of taking Sgt. Walker's deposition (Doc. 56). On September 19, 2017, the Court granted Plaintiff's Motion, and the deadline for completing discovery was extended to September 29, 2017

(Doc. 57). Plaintiff substituted attorneys within the same law firm on October 31, 2017 (Doc. 71).

Rule 56 of the Federal Rules of Civil Procedure permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that "it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). The Rule places the burden on the non-movant who believes additional discovery is required to "state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery." *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014) (quoting *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006)).

Plaintiff's new counsel asserts that additional discovery would shed light on the severity of Plaintiff's condition, the judgment displayed by Defendants, and the effects of delayed treatment on Mr. Clark (Doc 75). In response to Plaintiff's motion, Defendants further argue that Plaintiff's new counsel is requesting what prior, and highly competent, counsel did not feel was required, and what was not requested of the Court in previous motions. Defendants argue that testimony of physicians who treated Plaintiff months later is not likely to provide assistance to the Court as to the actions of Defendants Powell and Coe on September 28, 2015. Defendants further assert that had prior counsel thought expert testimony was required, he had the responsibility to either timely disclose an expert under Rule 26(b)(2) or request the time necessary to do so.

The Court in this case has granted Plaintiff multiple extensions of time to complete discovery. Plaintiff's prior counsel did not object to the Court's date for the close of discovery. Plaintiff's new counsel is in disagreement with prior counsel's discovery plan, is not a sufficient reason to reopen discovery. Expert testimony and the testimony of the Carle treating physicians is not required for the Court to rule on Defendants' motion for summary judgment.

Plaintiff's motion to hold Defendants' motion for summary judgment in abeyance pursuant to Fed. R. Civ. P. 56(d) (Doc. 74) is **DENIED**. Plaintiff shall file a response to the motion for summary judgment no later than **January 24, 2018**.

**IT IS SO ORDERED.**

**DATED:** January 10, 2018

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**